BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
EILEEN M. DECKER
United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division
ROBYN-MARIE LYON MONTELEONE
Assistant United States Attorney
Chief, General Civil Section
RUTH M. KWON (Cal. Bar No. 232569)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3038
    Facsimile: (213) 894-7819
    E-mail: ruth.kwon@usdoj.gov

Attorneys for NON-PARTY
U.S. COPYRIGHT OFFICE

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| URBAN TEXTILE, INC., a California Corporation,<br><br>Plaintiff<br><br>v.<br><br>RUE 21 INC., a Delaware Corporation; MARK EDWARDS APPAREL INC., a Canadian Corporation; DOES 3-100,<br><br>Defendants. | No. CV 14-8285 ODW(FFMx)<br><br>**RESPONSE OF THE REGISTER OF COPYRIGHTS TO REQUEST PURSUANT TO 17 U.S.C. § 411(b)(2)**<br><br>Honorable Otis D. Wright II<br>United States District Judge |

1    The U.S. Copyright Office ("Copyright Office"), by and through its undersigned

2  counsel, hereby responds to the question posed in the Order dated June 6, 2016 [Dkt. No

3  103].

4    This case appears to be a copyright infringement action in which an issue has

5  arisen regarding what effect, if any, allegedly inaccurate information would have had on

6  the Copyright Office's issuance of a copyright registration.  Under 17 U.S.C.

7  § 411(b)(2), the Court is required to request the Copyright Office's advice on the

8  question posed in this Court's order.  The answer of the Register of Copyrights to the

9  question posed by the Court is attached as Exhibit A.

10

11

12  Dated: September 16, 2016          Respectfully submitted,

13

14                                     BENJAMIN C. MIZER
                                       Principal Deputy Assistant Attorney General
15                                     EILEEN M. DECKER
                                       United States Attorney
16                                     DOROTHY A. SCHOUTEN
                                       Assistant United States Attorney
17                                     Chief, Civil Division

18

19

20                                     RUTH M. KWON
                                       Assistant United States Attorney
21

22                                     Attorneys for U.S. Copyright Office

23

24

25

26

27

28

                                    1

# Exhibit A

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

URBAN TEXTILE, INC.,

      Plaintiff,

v.

RUE 21, INC., et al.,

      Defendants.

Case No. 2:14-CV-08285 ODW (FFMx)

## RESPONSE OF THE REGISTER OF COPYRIGHTS
## TO REQUEST PURSUANT TO 17 U.S.C. § 411(b)(2)

      On June 6, 2016, pursuant to 17 U.S.C. § 411(b)(2), the Court issued an order ("Order") requesting advice from the Register of Copyrights regarding a series of registrations the U.S. Copyright Office ("Copyright Office" or "Office") had issued for textile designs.

      As the Copyright Office understands the dispute, plaintiff Urban Textile ("Urban") alleges that defendants infringed twelve fabric print designs that had been registered with the Copyright Office in ten separate registration applications. As discussed below, all but one application sought registration for an unpublished collection of designs (which included the designs at issue), and in each case the application claimed that Urban was the work made for hire author. Defendants, for their part, claim that these registrations "are invalid and subject to cancellation due to repeated misrepresentations and omissions in [plaintiff's] applications to the Copyright Office."[1] Defendants further allege that Urban had knowledge at the time of application that the information presented in each application was inaccurate.[2] Defendants accordingly filed a motion asking the Court to refer the matter to the Register of Copyrights pursuant to 17 U.S.C. § 411(b).[3] The Court directed the clerk "to forward the papers to the Register of Copyrights," and requested advice from the Register of Copyrights on the following question:

---

[1] Defendants' Memorandum of Points and Authorities in Support of Motion for Issuance a Request to the Register of Copyrights Pursuant to 17 U.S.C. § 411(b)(2), and Stay Pending Response ("Request") at 1, *Urban Textile, Inc. v. Rue 21, Inc.*, No. 2:14-CV-08285 (C.D. Cal. Mar. 28, 2016).

[2] Request at 10-13.

[3] Defendants' Notice of Motion and Motion for Issuance a Request to the Register of Copyrights Pursuant to 17 U.S.C. § 411(b)(2), and Stay Pending Response, *Urban Textile, Inc. v. Rue 21, Inc.*, No. 2:14-CV-08285 (C.D. Cal. Mar. 28, 2016).

[W]hether registration would have been refused had the inaccurate and omitted information been known at the time the following registrations were issued:

| Urban Design Name | SAC Exhibit Number | Registration Number |
|---|---|---|
| UB-4345 | Exhibit 1 | VAu 1-105-131 |
| UB-4492 | Exhibit 2 | VAu 1-118-544 |
| UB-4564 | Exhibit 3 | VAu 1-126-166 |
| UB-4530 | Exhibit 4 | VAu 1-126-363 |
| UB-4638 | Exhibit 5 | VAu 1-135-983 |
| UB-4609 | Exhibit 6 | VAu 1-138-284 |
| UB-4670 & UB-4672 | Exhibits 7&8 | VAu 1-150-538 |
| UB-4701 | Exhibit 9 | VAu 1-158-171 |
| UB-4690 & UB-4694 | Exhibits 10&11 | VAu 1-158-182 |
| UB-4276 | Exhibit 13 | VAu 1-171-787[4] |

Defendants have raised three sets of allegations: First, with respect to designs UB-4530, UB-4694, and UB-4276 ("Published Designs"), defendants allege that the works had been previously published by third parties, purchased by plaintiff, and registered with the Copyright Office without any alteration of the designs.[5] Second, with respect to designs UB-4345, UB-4492, UB-4638, UB-4609, UB-4670, UB-4672, UB-4701, and UB-4690 ("Derivative Designs"), defendants allege that plaintiff purchased those designs, which had also been published by third parties, made some changes to those designs, and registered the altered designs with the Copyright Office.[6] Third, with respect to design UB-4564, defendants allege that the application "failed to disclaim the basic chevron element in its registration application," and that excluding that element would have made clear that the design "contained no copyrightable subject matter."[7] The Register addresses these allegations below, assuming without deciding the truth of the allegations.[8]

---

[4] Order Granting Defendants' Motion for Issuance a Request to the Register of Copyrights Pursuant to 17 U.S.C. § 411(b)(2), and Stay Pending Response at 1, *Urban Textile, Inc. v. Rue 21, Inc.*, No. 2:14-CV-08285 (C.D. Cal. June 6, 2016).

[5] Request at 5.

[6] *Id.* at 6-8.

[7] *Id.* at 9-10.

[8] The Seventh Circuit has explained that while section 411(b)(2) "appears to mandate that the Register get involved" in any case in which an inaccuracy in a registration application is merely "alleged," the Register's input "need not be sought immediately after a party makes such a claim" given the "obvious potential for abuse." *DeliverMed Holdings, LLC v. Schaltenbrand*, 734 F.3d 616, 625 (7th Cir. 2013). Instead, courts appropriately can require "that the party seeking invalidation first establish that the other preconditions to invalidity are satisfied before obtaining the Register's advice on materiality." *Id.* at 625. In other words, a court can require a litigant to first "demonstrate that (1) the registration application included inaccurate information; and (2) the registrant knowingly included the inaccuracy in his submission to the Copyright Office" before seeking the Register's advice as to "whether the inaccuracy would have resulted in the application's refusal." *Id.* To be sure, the plain text of section 411(b)(2) permits courts to seek the Register's advice based on a mere allegation that the registrant knowingly included inaccurate information in a registration application. In such cases, like the one here, the Register's response will

2

In passing, defendants raise other claims that are not specific to any of the registrations at issue: that "certain elements" in plaintiff's other designs "are in the public domain," and that "in some instances" the designs at issue had previously been registered "with inconsequential differences only in coloration."[9] The Register declines to address these claims, which are not based on identified inaccuracies in specific registration applications.

## BACKGROUND

A review of the Copyright Office's records shows the following:

PUBLISHED DESIGNS

On December 27, 2012, the Office received an application to register a two-dimensional artwork claim in a collection of eleven works titled URBAN DESIGN – 31, including the individual design titled UB-4530. The application identified Urban Textile, Inc., as the work made for hire author and copyright claimant of the two-dimensional artwork collection. The application stated that the collection was created in 2012, and that it was unpublished. The Office registered the unpublished collection with an effective date of registration ("EDR")[10] of December 27, 2012, and assigned registration number VAu 1-126-363. Based on the information provided in the application, the Office had no reason to question the representations in the application and accepted them as true and accurate.[11]

On January 16, 2014, the Office received an application to register a two-dimensional artwork claim in a collection of seven works titled URBAN DESIGN – 45, including the individual design titled UB-4694. The application identified Urban Textile, Inc., as the work made for hire author and copyright claimant of the two-dimensional artwork collection. The application stated that the collection was created in 2013, and that it was unpublished. The Office registered the unpublished collection with an EDR of January 17, 2014, and assigned registration number VAu 1-158-182. Based on the information provided in the application, the Office had no reason to question the representations in the application and accepted them as true and accurate.

---

assume the truth of those allegations, solely for purposes of determining whether the inaccuracies would have been material.

[9] Request at 8-9.

[10] The EDR is the date that the Office received a completed application, the correct deposit copy, and the proper filing fee.

[11] The principles that govern how the Office examines registration applications are found in the *Compendium of U.S. Copyright Office Practices, Third Edition*. One such principle is that the Office generally "accepts the facts stated in the registration materials, unless they are contradicted by information provided elsewhere in the registration materials or in the Office's records." U.S. COPYRIGHT OFFICE, COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES § 602.4(D) (3d ed. 2014). Additionally, the "Office does not conduct investigations or make findings of fact to confirm the truth of any statement made in an application." *Id.* The applications for registration numbers VAu 1-105-131, VAu 1-118-544, and VAu 1-126-363 were filed in 2012. The governing principles that the Office would have applied at the time of application are set forth in the *Compendium of U.S. Copyright Office Practices, Second Edition.* Throughout this response, however, the Office cites the third edition of the *Compendium* because the relevant practices have not materially changed.

On June 12, 2014, the Office received an application to register a two-dimensional artwork claim in a work titled URBAN DESIGN – 55, including one design titled UB-4276. The application identified Urban Textile, Inc., as the work made for hire author and copyright claimant of the two-dimensional artwork. The application stated that the work was created in 2011, and that it was unpublished. The Office registered the work with an EDR of June 12, 2014, and assigned registration number VAu 1-171-787. Based on the information provided in the application, the Office had no reason to question the representations in the application and accepted them as true and accurate.

DERIVATIVE DESIGNS

On May 24, 2012, the Office received an application to register a two-dimensional artwork claim in a collection of thirteen works titled URBAN DESIGN – 26, including the individual design titled UB-4345. The application identified Urban Textile, Inc., as the work made for hire author and copyright claimant of the two-dimensional artwork collection. The application stated that the collection was created in 2012, and that it was unpublished. The application did not identify the unpublished collection as a derivative work or disclose that the unpublished collection incorporated preexisting material. The Office registered the unpublished collection with an effective date of registration of May 24, 2012, and assigned registration number VAu 1-105-131. Based on the information provided in the application, the Office had no reason to question the representations in the application and accepted them as true and accurate.

On October 4, 2012, the Office received an application to register a two-dimensional artwork claim in a collection of ten works titled URBAN DESIGN – 30, including the individual design titled UB-4492. The application identified Urban Textile, Inc., as the work made for hire author and copyright claimant of the two-dimensional artwork collection. The application stated that the collection was created in 2012, and that it was unpublished. The application did not identify the unpublished collection as a derivative work or disclose that the unpublished collection incorporated preexisting material. The Office registered the unpublished collection with an EDR of October 4, 2012, and assigned registration number VAu 1-118-544. Based on the information provided in the application, the Office had no reason to question the representations in the application and accepted them as true and accurate.

On July 2, 2013, the Office received an application to register a two-dimensional artwork claim in a collection of eleven works titled URBAN DESIGN – 39, including the individual design titled UB-4638. The application identified Urban Textile, Inc., as the work made for hire author and copyright claimant of the two-dimensional artwork collection. The application stated that the collection was created in 2013, and that it was unpublished. The application did not identify the unpublished collection as a derivative work or disclose that the unpublished collection incorporated preexisting material. The Office registered the unpublished collection with an EDR of July 3, 2013, and assigned registration number VAu 1-135-983. Based on the

information provided in the application, the Office had no reason to question the representations in the application and accepted them as true and accurate.

On April 23, 2013, the Office received an application to register a two-dimensional artwork claim in a collection of ten works titled URBAN DESIGN – 36, including the individual design titled UB-4609. The application identified Urban Textile, Inc., as the work made for hire author and copyright claimant of the two-dimensional artwork collection. The application stated that the collection was created in 2013, and that it was unpublished. The application did not identify the unpublished collection as a derivative work or disclose that the unpublished collection incorporated preexisting material. The Office registered the unpublished collection with an EDR of April 23, 2013, and assigned registration number VAu 1-138-284. Based on the information provided in the application, the Office had no reason to question the representations in the application and accepted them as true and accurate.

On October 9, 2013, the Office received an application to register a two-dimensional artwork claim in a collection of ten works titled URBAN DESIGN – 43, including the individual designs titled UB-4670 and UB-4672. The application identified Urban Textile, Inc., as the work made for hire author and copyright claimant of the two-dimensional artwork collection. The application stated that the collection was created in 2013, and that it was unpublished. The application did not identify the unpublished collection as a derivative work or disclose that the unpublished collection incorporated preexisting material. The Office registered the unpublished collection with an EDR of October 9, 2013, and assigned registration number VAu 1-150-538. Based on the information provided in the application, the Office had no reason to question the representations in the application and accepted them as true and accurate.

On January 16, 2014, the Office received an application to register a two-dimensional artwork claim in a collection of seven works titled URBAN DESIGN – 46, including the individual design titled UB-4701. The application identified Urban Textile, Inc., as the work made for hire author and copyright claimant of the two-dimensional artwork collection. The application stated that the collection was created in 2013, and that it was unpublished. The application did not identify the unpublished collection as a derivative work or disclose that the unpublished collection incorporated preexisting material. The Office registered the unpublished collection with an EDR of January 17, 2014, and assigned registration number VAu 1-158-171. Based on the information provided in the application, the Office had no reason to question the representations in the application and accepted them as true and accurate.

On January 16, 2014, the Office received an application to register a two-dimensional artwork claim in a collection of seven works titled URBAN DESIGN – 45, including the individual design titled UB-4690. The application identified Urban Textile, Inc., as the work made for hire author and copyright claimant of the two-dimensional artwork collection. The application stated that the collection was created in 2013, and that it was unpublished. The application did not identify the unpublished collection as a derivative work or disclose that the

unpublished collection incorporated preexisting material. The Office registered the unpublished collection with an EDR of January 17, 2014, and assigned registration number VAu 1-158-182. Based on the information provided in the application, the Office had no reason to question the representations in the application and accepted them as true and accurate.

DESIGN UB-4564

On February 20, 2013, the Office received an application to register a two-dimensional artwork claim in a collection of eleven works titled URBAN DESIGN – 34, including the individual design titled UB-4564. The application identified Urban Textile, Inc., as the work made for hire author and copyright claimant of the two-dimensional artwork collection. The application stated that the collection was created in 2013, and that it was unpublished. The Office registered the unpublished collection with an EDR of February 20, 2013, and assigned registration number VAu 1-126-166. Based on the information provided in the application, the Office had no reason to question the representations in the application and accepted them as true and accurate.

The Court has requested the Register to consider whether, assuming the allegations as stated in the moving papers are true, the Office would have refused to register the claims.

## ANALYSIS

An application for copyright registration must comply with the requirements of the Copyright Act set forth in 17 U.S.C. §§ 408(a), 409, and 410. Regulations governing applications for registration are codified in title 37 of the Code of the Federal Regulations at 37 C.F.R. §§ 202.1 to 202.21(2015). The principles that govern how the Office examines registration applications are found in the *Compendium of U.S. Copyright Office Practices, Third Edition* (*"Compendium"*). The statutory requirements, regulations, and *Compendium* practices most relevant to the Court's request are as follows:

In pertinent part, "[c]opyright in a work protected under this title vests initially in the author or authors of the work."[12] A "work made for hire" is "a work prepared by an employee within the scope of his or her employment[,] or a work specially ordered or commissioned . . . if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire."[13] When the author assigns his or her rights to another party, "the applicant must provide a brief statement [on the registration application] that explains 'how the claimant obtained ownership of the copyright.'"[14]

Under the Copyright Act, works may be published via the "distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease or

---

[12] 17 U.S.C. § 201(a) (2011).
[13] 17 U.S.C. §§ 101 (definition of "work made for hire"), 201(b).
[14] COMPENDIUM (THIRD) § 503.4 (quoting 17 U.S.C. § 409(5)).

6

lending."[15] The Act, additionally, provides that "[t]he offering to distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display, constitutes publication."[16] In applying this latter provision when carrying out its registration functions, the Copyright Office understands the *actual* distribution of (in addition to the mere "offering to distribute") copies or phonorecords to a group of persons for the enumerated purposes also to constitute a publication.[17]

Familiar symbols and designs, such as the chevron stripe, are uncopyrightable.[18] The Office does not register claims in familiar symbols and designs "by themselves" but will register a claim in "a work of authorship that incorporates one or more of these elements into a larger design" when "the work as a whole contains a sufficient amount of creative authorship."[19]

An applicant does not have to exclude uncopyrightable materials used in a work of authorship, such as familiar symbols, from his or her claim at the time of registration; such elements are obviously uncopyrightable and as such will never serve as a basis for registration.[20] An applicant should, however, exclude previously published material, previously registered material, material that is in the public domain,[21] and material owned by someone other than the claimant named on the application: The statutory requirements for copyright registration dictate that an application for registration shall include "an identification of any preexisting work or works that it is based on or incorporates, and a brief, general statement of the additional material covered by the copyright claim being registered."[22] The *Compendium* adds that "[a] claim should be limited if the work contains an appreciable amount of material that was previously published, material that was previously registered, material that is in the public domain, and/or material that is owned by an individual or legal entity other than the claimant who is named in the application,"[23] and that "[i]f the work … contains an appreciable amount of unclaimable[24] material, the applicant should identify the unclaimable material that appears in that work and

---

[15] 17 U.S.C. § 101 (definition of "publication").

[16] *Id.*

[17] *See* PAUL GOLDSTEIN, GOLDSTEIN ON COPYRIGHT 3.3.2 (3d ed. Supp. 2011) (noting that the "better" reading of the statute "would make publication occur at the earliest point—the date of an offer to distribute or the date of actual distribution—at which the copyright owner placed its work in the channels of commerce").

[18] 37 C.F.R. 202.1(a) (2015); COMPENDIUM (THIRD) §§ 313.4(J), 906.2.

[19] COMPENDIUM (THIRD) §§ 313.4(J), 906.2.

[20] COMPENDIUM (THIRD) § 621.2.

[21] The *Compendium* defines "public domain" as "a copyrighted work [whose] full copyright term has expired." COMPENDIUM (THIRD) Glossary. Additionally, "works published in the United States without a copyright notice on or before March 1, 1989 may be in the public domain, and works registered or published in the United States on or before December 31, 1963 may be in the public domain if the copyright was not renewed in a timely manner." *Id.*

[22] 17 U.S.C. § 409(9).

[23] COMPENDIUM (THIRD) § 621.

[24] Unclaimable means "(i) previously published material; (ii) previously registered material; (iii) material that is in the public domain; and/or (iv) copyrightable material that is not owned by the claimant named in the application." COMPENDIUM (THIRD) Glossary.

7

should exclude that material from the claim [by providing] a brief, accurate description of the unclaimable material in the appropriate field/space of the application."[25]

As noted above, all but one (UB-4276) of the works at issue were registered as part of an unpublished collection. An unpublished collection is "[a] registration accommodation by the U.S. Copyright Office for registering a number of unpublished works with one application, one filing fee, and one set of deposit copies."[26] The Office will generally "issue a registration if some of the works set forth in the deposit[] [for an unpublished collection] contain a sufficient amount of original authorship."[27] Works registered under the unpublished collection option may thus contain both copyrightable and uncopyrightable material;[28] the registration, however, only extends to copyrightable works. In addition, registration of an unpublished collection does not extend to any published works that may be contained in the collection.[29]

The Copyright Office's regulations require applicants to make "[a] declaration that information provided within the application is correct to the best of [the applicant's] knowledge."[30] Generally, the Office "accepts the facts stated in the registration materials, unless they are contradicted by information provided elsewhere in the registration materials or in the Office's records."[31] The Office "generally does not compare deposit copy(ies) to determine whether the work for which registration is sought is substantially similar to another work."[32]

In responding to the Court's questions, the Office applies the foregoing governing statutory and regulatory standards, and examining principles. The Office additionally notes that it is not unusual for the examiner to correspond with an applicant about factual assertions if the assertions are in conflict with other information provided in the application materials.[33] If the Office becomes aware of an error at the time of application, such as incorrect authorship status,[34] or that information regarding previous registration or publication is missing from the application,[35] or has questions about facts asserted in an application, such as whether the work is

---

[25] COMPENDIUM (THIRD) § 621.1.

[26] COMPENDIUM (THIRD) Glossary.

[27] COMPENDIUM (THIRD) § 1108.

[28] COMPENDIUM (THIRD) § 1108 ("As a general rule, the U.S. Copyright Office will issue a registration if some of the works set forth in the deposit[] contain a sufficient amount of original authorship [; if] the registration specialist determines that the deposit[] contain[s] material that is copyrightable and material that is clearly uncopyrightable, he or she may register the claim without communicating with the applicant.").

[29] COMPENDIUM (THIRD) § 1106.1 ("All of the copyrightable elements that are otherwise recognizable as self-contained works must be unpublished . . . Works that do not satisfy these requirements cannot be registered as an unpublished collection. In particular, an applicant cannot use this option to register a number of published and unpublished works. If any of the works have been published, the applicant should not include those works in the claim.").

[30] 37 C.F.R. § 202.3(c)(2)(iii).

[31] COMPENDIUM (THIRD) § 602.4(D).

[32] COMPENDIUM (THIRD) § 602.4(C).

[33] COMPENDIUM (THIRD) § 602.4(D).

[34] COMPENDIUM (THIRD) § 503.4.

[35] COMPENDIUM (THIRD) § 621.

published,[36] it provides the applicant an opportunity to correct the error or verify the facts.[37] If the applicant responds in a timely fashion to the satisfaction of the Office, the Office proceeds with the registration. The below responses reflect that the errors alleged in the moving papers, assuming the allegations are true, were not timely corrected through such a process.

### ALLEGATIONS REGARDING THE PUBLISHED DESIGNS

Based on the foregoing governing statutory and regulatory standards, and its examining practices, assuming the allegations as stated in the moving papers are true, had the Office been aware that the Published Designs had been previously published, and had been purchased from third parties and registered without alteration, the Office would have refused registration on two grounds: first, that the works were registered as unpublished when in fact they were published; and second, that they were not works made for hire and the proper author was not named on those applications.

### ALLEGATIONS REGARDING THE DERIVATIVE DESIGNS

Based on the foregoing governing statutory and regulatory standards, and its examining practices, assuming the allegations as stated in the moving papers are true, had the Office been aware that the Derivative Designs were based on preexisting works, the Office would have refused registration because plaintiff did not exclude the preexisting works on the registration applications.

### ALLEGATIONS REGARDING DESIGN UB-4564

As noted above, under foregoing governing statutory and regulatory standards, applicants are not required to exclude uncopyrightable material such as chevron stripes or other familiar designs. Thus, even assuming the allegations as stated in the moving papers are true, the plaintiff's failure to exclude the basic chevron element in the registration application for the design titled UB-4564 would not have been a basis for refusing registration.[38]

Dated: September 14, 2016

Maria A. Pallante
Register of Copyrights

---

[36] COMPENDIUM (THIRD) § 1904.3.

[37] Generally, an applicant has 20 days to respond via email, and 45 days to respond via U.S. mail to questions about statements made in the application materials. *See* COMPENDIUM (THIRD) §§ 605.6(B), 605.6(D).

[38] The Office notes, however, that design UB-4564 was registered as part of an unpublished collection; thus, as explained above, the registration only extends to the copyrightable works in the collection.

9