O

# United States District Court
# Central District of California

| | |
|---|---|
| URBAN TEXTILE, INC., | Case № 2:14-cv-08285-ODW (FFMx) |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT [62]** |
| RUE 21, INC.; MARK EDWARDS APPAREL, INC.; and DOES 3-100, inclusive, | |
| Defendants. | |

## I.   INTRODUCTION

This case involves a fabric designer suing a manufacturer and a retailer for copyright infringement.  Plaintiff Urban Textile ("Urban") contends that since some time after December 5, 2013, Defendants Mark Edwards Apparel, Inc. ("Mark Edwards") and rue21, Inc. ("rue21") have been making and distributing garments featuring designs strikingly similar to Urban's.  (Plaintiff's Statement of Uncontroverted Facts and Conclusions of Law ("SUF") ¶¶ 15–22.)

On November 25, 2015, Urban filed a Motion for Partial Summary Judgment,

1    asking this Court to find that Defendants willfully infringed its copyright as a matter
2    of law.  (ECF No. 62.)  At the parties' request, the Court continued the hearing date
3    for the Motion for Partial Summary Judgment.  (ECF No. 66.)  On March 28, 2016,
4    the same day that the parties concluded their briefing for the Motion for Partial
5    Summary Judgment, Defendants filed a Motion for Issuance of a Request to the
6    Register of Copyrights and to Stay the Case Pending Response.  (ECF No. 87.)  The
7    Court granted the request, and on September 16, 2016, the Copyright Office filed its
8    response.  (Response of the Register of Copyrights ("Response"), ECF No. 104.)

9        Taking into account the Copyright Office's response and for the reasons
10   discussed below, the Court **DENIES** Plaintiff's Motion for Partial Summary
11   Judgment.

## II.    FACTUAL BACKGROUND

13       There are twelve designs at issue in this case; their design names (as designated
14   by Urban) are: UB-4345; UB-4492; UB-4564; UB-5430; UB-4638; UB-4609; UB-
15   4670; UB-4672; UB-4701; UB-4690; UB-4694; and UB-4672.  (SUF ¶ 2; *see also*
16   Opp'n Appendix, "Garment Chart," ECF No. 77.)  These designs are two-dimensional
17   artworks composed of various geometric patterns, brush strokes, and hand-drawn
18   ornamentations.  (SUF ¶ 3.)  Urban's designer-employees created the designs, taking
19   inspiration and "source works" from paintings crafted by other design studios.  (*Id.*
20   ¶ 4.)  Urban purchased the source material and all corresponding rights from the
21   design studios.  (*Id.* ¶ 5.)

## A.    Copyright Registration and Distribution of Designs

23       Urban registered its designs with the U.S. Copyright Office and received
24   registrations and U.S. Copyright numbers for each design.  (*Id.* ¶ 11.)  However,
25   Defendants argue that Urban failed to include signed assignments of the underlying
26   designs it used to create its own designs, falsely represented that the designs were
27   original and previously unpublished, and failed to disclose that certain elements of the
28   design are uncopyrightable or in the public domain.  (*See* Opp'n 4–10.)  Defendants

1    thus claim that the registrations are invalid.  (*Id.*)

2         After registering the designs with the copyright office, Urban sent computer

3    files containing the designs to California Blue, Inc. ("CB"), a garment manufacturer,

4    for purposes of soliciting fabric purchases from CB.  (*Id.* ¶ 15.)  CB had a practice of

5    transmitting computer files of Urban's designs to ultimate buyers of CB's garments

6    for approval before deciding to purchase wholesale fabric from Urban.  (*Id.* ¶ 16.)

7    Urban alleges that rue21 was one of CB's buyers and that CB had a practice of

8    transmitting to rue21 examples of designs in deciding whether to purchase fabric.

9    (*Id.*)  However, Urban does not specifically allege that CB transmitted the designs at

10   issue in this case to rue21.  (*See id.*)

11        Neither CB nor rue21 ultimately purchased the designs from Urban.  (*Id.* ¶¶ 17–

12   18.)  However, after Urban transmitted the designs it learned that rue21 was selling

13   garments bearing designs that resembled Urban's.  (*Id.* ¶ 19.)  rue21 received the

14   garments from manufacturer Mark Edwards, and it has sold the clothes featuring the

15   suspect designs in its retail locations nationwide and through its online store.  (*Id.*

16   ¶ 20.)

17   **B.    Ensuing Litigation and Copyright Office's Response**

18        After discovering the garments resembling its designs, Urban commenced the

19   present action.  (*See* Compl., ECF No. 1.)  In its Motion for Partial Summary

20   Judgment, Urban argues that it has proved as a matter of law its ownership of a valid

21   copyright and Defendants' impermissible copying.  (*See* Mot. 7–25.)  Defendants

22   attacked these arguments and especially disputed whether Urban owned a valid

23   copyright.  (*See* Opp'n 4–12.)  Defendants also moved the Court pursuant to 17

24   U.S.C. § 411(b)(2) to inquire with the Register of Copyrights whether the allegedly

25   inaccurate and incomplete information in Urban's copyright registration applications

26   would have caused the Register to refuse registration.  (Mot. for Issuance.)  The Court

27   granted Defendants' Motion.  (ECF No. 96.)

28        In its Response, the Register states that it assumes the truth of Defendants'

1   allegations for purposes of the Response but does not decide the truth of the
2   allegations.  (Response 5.)  The Register notes that based on the information provided
3   in Urban's applications to register its copyrighted designs, the Copyright Office had
4   no reason to question the information and thus accepted it as true and accurate.  (*Id.* at
5   6–9.)

6       The Response provides relevant rules and regulations pertaining to copyright
7   registration, particularly with respect to the issues at stake in this case.  (*Id.* at 12–14.)
8   According to the Register, an applicant for a copyright registration who has been
9   assigned the rights to a copyrightable work must provide a brief statement that
10  explains "how the claimant obtained ownership of the copyright."  (*Id.* at 9.)  The
11  Register outlines the Copyright Act's definition of "published" for purposes of
12  registration, which is that works may be published through the "distribution of copies
13  or phonorecords of a work to the public by sale or other transfer of ownership, or by
14  rental, lease or lending."  (*Id.* at 9–10.)  In addition, familiar symbols and designs such
15  as the chevron stripe are not eligible for copyright protection.  (*Id.* at 10.)  Further,
16  while a registration applicant need not exclude from his or her claim uncopyrightable
17  elements in a work (such as familiar symbols), the applicant should exclude
18  "previously published material, previously registered material, material that is in the
19  public domain, and material owned by someone other than the claimant named on the
20  application."  (*Id.*)

21      The Response describes the meaning of an "unpublished collection" in the
22  copyright registration context; this is the type of registration Urban used for all but
23  one (UB-4276) of the works at issue.  (*Id.* at 11.)  An unpublished collection is a type
24  of registration that the U.S. Copyright Office allows where an applicant can register
25  several previously unpublished works with only one application, filing fee, and set of
26  deposit copies.  (*Id.*)

27      In their moving papers, Defendants argue that designs UB-4530, UB-4694, and
28  UB-4276 ("Published Designs") are works that third parties had previously published,

then sold to Urban, and then Urban registered them to the Copyright Office without altering the designs.  (*Id.* at 5.)  With respect to designs UB-4345, UB-4492, UB-4638, UB-4609, UB-4670, UB-4672, UB-4701, and UB-4690 ("Derivative Designs"), defendants further argue that those designs had previously been published by third parties, that Urban then purchased them, that Urban made alternations, and that it then registered the altered designs.  (*Id.*)  Finally, Defendants attack the registration for design UB-4564 by alleging that it failed to disclaim the basic (uncopyrightable) chevron element that is part of the design.  (*Id.*)

In response, the Register found that it would have refused registration of the Published Designs and the Derivative Designs if the Defendants' assertions regarding inaccurate and omitted information on the registration applications were true.  (*Id.* at 12.)  However, it found that Urban's failure to disclaim the uncopyrightable portion of UB-4564 (the chevron stripe) would not have been a basis for refusing registration, because the design includes more than simply the stripe, and there are no other contentions of inaccurate or omitted information as to the application for this design.  (*See id.*)

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) mandates that "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of establishing the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case."  *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).  "In contrast, when the nonmoving

party bears the burden of proving the claim or defense, the moving party does not need to produce any evidence or prove the absence of a genuine issue of material fact." *See Novelty Textile Inc. v. Wet Seal Inc.*, No. CV1305527SJOMRWX, 2014 WL 10987396, at *2 (C.D. Cal. Sept. 9, 2014) (citing *Celotex Corp.*, 477 U.S. at 325). Rather, the moving party's initial burden "may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Id.*

Once the moving party meets its burden, the opposing party must set out specific facts showing a genuine issue for trial; merely relying on allegations or denials in its own pleading is insufficient. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A party cannot manufacture a genuine issue of material fact simply by making assertions in its legal briefs. *S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir. 1982). Rather, there must be specific, admissible evidence identifying the basis for the dispute. *Id.* The Supreme Court has held that "[t]he mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for [the opposing party]." *Anderson*, 477 U.S. at 252.

## IV.   DISCUSSION

To establish copyright infringement, a plaintiff must prove: (1) ownership of a valid copyright; and (2) copying of the original elements of the work. *See Acmet, Inc. v. Wet Seal, Inc.*, No. CV1400048TJHAJWX, 2015 WL 10939901, at *1 (C.D. Cal. May 12, 2015) (citing *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012)).

To meet its burden at the summary judgment stage, Urban must show the existence of both elements for each of the designs at issue. The Court finds that it has not met this burden as to at least one of the elements for each of the designs. The Court organizes its analysis using the Register of Copyrights' groupings of designs (Published Designs, Derivative Designs, and UB-4564).

### A.      Published Designs

For this group of designs, the Court finds that Urban has not met its burden as to the first element—ownership of a valid copyright.  While Urban is correct that its registration of the designs within five years of their publication constitutes prima facie evidence of the validity of the copyrights, 17 U.S.C. § 410(c), Defendants have provided adequate evidence to overcome this prima facie case and raise a genuine question as to the validity of Urban's copyrights.  Defendants compare Urban's copyright registrations, which state that the designs are each original, unpublished works made for hire and authored by Urban (Copyright Registrations, ECF No. 78 Exs. 2–11), with receipts from assignments of copyright, establishing that Urban acquired by assignment pre-published works that it later registered.  (*See* Assignments of Copyright, Exs. 15–25, ECF No. 78.)

This contrasting evidence shows that there is a real issue as to whether Urban should have been allowed to register its copyrights, and thus whether it owns valid copyrights on the designs at issue.  The Register of Copyrights has affirmed that if Defendants' claims are true and had been known to the Copyright Office at the time of registration, it would have refused registration.  (Response 12.)

Importantly, however, Defendants' evidence does not go so far as to establish invalidity of the copyrights.  Questions of fact remain as to whether and to what extent Urban did alter the designs it acquired by assignment, and whether those alterations made the designs registrable as new, unpublished copyrights.  But Defendants raise issues sufficient to make summary judgment inappropriate as to the Published Designs.

Because the Court finds that there is a genuine issue of fact as to the first element of copyright infringement, it declines to reach the second element for the Published Designs.

### B.      Derivative Designs

The Court finds that there is also a genuine issue of fact as to the first element

of copyright infringement for the Derivative Designs.  Again, Urban's ownership of copyright registrations is prima facie evidence of its ownership of a valid copyright, but Defendants successfully raise issues of fact surrounding the registrations for the Derivative Designs.  Defendants note that the designs are based on source material that Urban acquired by assignment (SUF ¶¶ 4–5) and that Urban failed to disclose the existence of the underlying published designs in its applications.  (*See* Copyright Registrations.)   There remains a question of fact as to whether Urban's designs sufficiently departed from the underlying source material such that Urban need not have declared the source in its applications, and thus summary judgment is inappropriate for the Derivative Designs.  Like the Published Designs, the Court declines to address the second element of copyright infringement because summary judgment would not be granted regardless of the outcome on that element.

## C.   UB-4564

Unlike the other designs at issue, the Register of Copyrights did not find that it would have refused to register this design if Defendants' claims are true.  UB-4564 consists of groupings of chevron stripes, with varying spacing between them, on a dark background.  An image of the fabric pattern is copied below.



The Register of Copyrights did note that the chevron stripe is a familiar symbol that is uncopyrightable. (Response 10.) But while the Copyright Office will not register claims in familiar symbols and designs by themselves, it will register a claim that includes a familiar symbol but as a whole contains a sufficient amount of creative authorship. (*Id.*)

Even still, the Court agrees with Defendants that UB-4564 is likely only entitled to "thin" copyright protection. (*See* Def. Supp. Br. 6, ECF No. 108); *Ets-Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763, 766 (9th Cir. 2003). The Ninth Circuit has found that where copyrighted material consists primarily of unprotectable, unoriginal elements, the copyright holder is left with only a "thin" copyright. *Ets-Hokin*, 323 F.3d at 766; *see also Apple Comp. Corp. v. Microsoft Corp.*, 35 F.3d 1435, 1439 (9th Cir. 1994). A "thin" copyright protects against only virtually identical copying. *Id.*

The "virtually identical" standard is narrower than the traditional standard for assessing similarity between two works. *See L.A. Printex Indus., Inc.*, 676 F.3d at 846. Under the traditional standard, summary judgment on the issue is usually disfavored. *Spectravest, Inc. v. Mervyn's Inc.*, 673 F. Supp. 1486, 1492 (N.D. Cal. 1987). The Ninth Circuit recently took this concept one step further, finding that it is inappropriate for a district court to consider the issue of intrinsic similarity on a motion for summary judgment because the test is quintessentially one for the trier of fact. *L.A. Printex Indus., Inc.*, 676 F.3d at 852 ("on a summary judgment motion, a court's attempt to apply this subjective and fact-oriented standard, bypassing decision by the trier of fact, is not correct"); *see also Braham v. Sony/ATV Music Publ'g*, No. 215CV8422MWFGJSX, 2015 WL 7074571, at *5 (C.D. Cal. Nov. 10, 2015) (ruling that the intrinsic test is always left to the factfinder).

In light of the Ninth Circuit's determination, the Court cannot determine, as a matter of law, that the allegedly infringing garments bear a pattern that is "virtually identical" to Urban's fabric design UB-4564. As such, the Court denies Plaintiff's

Motion for Partial Summary Judgment as to this design.  Because summary judgment is not appropriate on the issue of similarity, the Court does not address the other required elements for a finding of infringement.

**D.     Defendants' Request for Summary Judgment**

As discussed above, while Defendants' claims raise questions of fact sufficient to overcome Urban's Motion for Partial Summary Judgment, they do not prove that the copyrights for the designs are invalid or that the UB-4564 design is unprotectable. Questions remain as to whether and how much Urban altered the designs it acquired by assignment, and whether those alterations made the designs registrable as new, unpublished copyrights.  Further, a trier of fact must decide the issue whether UB-4564 is "virtually identical" to the allegedly infringing garments.   These issues preclude summary judgment from being entered in Defendants' favor as much as they preclude summary judgment in favor of Urban.

As a final matter, the Court declines to invalidate Urban's copyright designs as Defendants have requested.  (*See* Def. Supp. Br. 8.)  While discrepancies do appear on Urban's registration applications as compared with other source material regarding its fabric designs, they are not such that the Court can decide with certainty at this time that Urban's registrations are invalid.

## V.    CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's Motion for Partial Summary Judgment.  (ECF No. 62.)


**IT IS SO ORDERED.**


November 28, 2016

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**