**O**

# United States District Court
# Central District of California

| | |
|---|---|
| URBAN TEXTILE, INC., <br><br>  Plaintiff, <br><br>  v. <br><br> RUE 21, INC.; MARK EDWARDS APPAREL, INC.; and DOES 3-100, inclusive, <br><br>  Defendants. | Case № 2:14-cv-08285-ODW (FFMx) <br><br> **ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT [113]** |

## I.  INTRODUCTION

Following the Court's denial of Plaintiff Urban Textile, Inc.'s ("Urban") motion for summary judgment (ECF No. 112), Defendants filed a motion for partial summary judgment.  (ECF No. 113.)  Defendants request that the Court enter summary judgment in their favor with respect to eleven of the twelve designs at issue in this case: UB-4694; UB-4701; UB-4690; UB-4276; UB-4345; UB-4492; UB-4350; UB-4638; UB-4609; UB-4670; and UB-4672 ("the subject designs").  (*See id.*)  They do not ask for summary judgment on the one remaining design, UB-4564, presumably

because the Court denied Urban's motion with respect to that design on the basis that whether or not Defendants copied it is a question for the trier of fact. (*See* Order 9–10.) For the reasons discussed below, and based on Magistrate Judge Mumm's recommendation regarding sanctions (ECF No. 136), the Court **GRANTS** Defendants' motion for partial summary judgment.

## II.   FACTUAL BACKGROUND

Urban is a textile design company, and it registered all of the subject designs with the U.S. Register of Copyrights between 2012 and 2014. (Second Am. Compl. ("SAC") ¶ 4, ECF No. 55.) Defendant Mark-Edwards Apparel, Inc., is a manufacturer and distributor of women's apparel, and it has sold products to Defendant rue21, Inc., which is a retailer of women's apparel. (Statement of Uncontroverted Facts ("SUF") ¶ 2, ECF No. 113-46.) Urban claims to have valid registrations for the designs at issue, and it contends that Defendants copied those designs after acquiring them impermissibly through a third-party vendor called California Blue. (*See generally* SAC.) These and other basic facts of the case remain undisputed since the Court ruled on Urban's motion for summary judgment in November 2016.

However, there has been an important development in the posture of this case. On March 9, 2017, Magistrate Judge Mumm recommended that sanctions be imposed against Urban for its failure to comply with Judge Mumm's prior discovery order. (ECF No. 136.) The Court adopted Judge Mumm's recommendation. (ECF No. 137.) The sanctions establish a presumption that Urban placed copies of the subject designs in its "Look Books," which are essentially catalogues of Urban's designs that it offers to prospective buyers, within two days of obtaining the design from a vendor. (*See id.*)

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) mandates that "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

1  P. 56(a). The moving party bears the initial burden of establishing the absence of a
2  genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323
3  (1986). "When the party moving for summary judgment would bear the burden of
4  proof at trial, it must come forward with evidence which would entitle it to a directed
5  verdict if the evidence went uncontroverted at trial. In such a case, the moving party
6  has the initial burden of establishing the absence of a genuine issue of fact on each
7  issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213
8  F.3d 474, 480 (9th Cir. 2000) (citations omitted). "In contrast, when the nonmoving
9  party bears the burden of proving the claim or defense, the moving party does not
10 need to produce any evidence or prove the absence of a genuine issue of material
11 fact." *See Novelty Textile Inc. v. Wet Seal Inc.*, No. CV1305527SJOMRWX, 2014
12 WL 10987396, at *2 (C.D. Cal. Sept. 9, 2014) (citing *Celotex Corp.*, 477 U.S. at 325).
13 Rather, the moving party's initial burden "may be discharged by 'showing'–that is,
14 pointing out to the district court–that there is an absence of evidence to support the
15 nonmoving party's case." *Id.*

16 Once the moving party meets its burden, the opposing party must set out
17 specific facts showing a genuine issue for trial; merely relying on allegations or
18 denials in its own pleading is insufficient. *See Anderson v. Liberty Lobby, Inc.*, 477
19 U.S. 242, 247–48 (1986). A party cannot manufacture a genuine issue of material fact
20 simply by making assertions in its legal briefs. *S.A. Empresa de Viacao Aerea Rio*
21 *Grandense v. Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir. 1982). Rather,
22 there must be specific, admissible evidence identifying the basis for the dispute. *Id.*
23 The Supreme Court has held that "[t]he mere existence of a scintilla of evidence . . .
24 will be insufficient; there must be evidence on which the jury could reasonably find
25 for [the opposing party]." *Anderson*, 477 U.S. at 252.

26 **IV.   DISCUSSION**

27 To establish copyright infringement, a plaintiff must prove: (1) ownership of a
28 valid copyright; and (2) copying of the original elements of the work. *See Acmet, Inc.*

*v. Wet Seal, Inc.*, No. CV1400048TJHAJWX, 2015 WL 10939901, at *1 (C.D. Cal. May 12, 2015) (citing *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012)). If Defendants can show that either of these elements is not present as a matter of law, then they will be entitled to summary judgment as to the designs at issue. Here, the element that Defendants argue is missing is ownership of a valid copyright, and the Court agrees.

While Urban registered the subject designs as part of an "unpublished collection," the recently-entered sanctions have the effect of establishing that Urban did publish the designs prior to registration. (*See* SUF ¶¶ 26–44.) Whether or not a work was published prior to registration matters because the U.S. Copyright Office has different rules for registering published versus unpublished works. *See* 37 C.F.R. § 202.3(b)(4)(i). If a work registered as part of an unpublished collection turns out to have been previously published, then it is not validly registered as part of that collection. U.S. Copyright Office, Compendium of U.S. Copyright Office Practices ("Compendium") § 1802.7(C) (3d ed. 2014)[1]; *see also L.A. Printex Indus.*, 676 F.3d at 852–53.

Publication occurs when "fabric, carpet, or wallpaper samples are offered to sales representatives for the purpose of selling those works to wholesalers and retailers." Compendium § 1906.1. Urban argues strenuously in its Opposition brief and in open court (and misquotes the Compendium in the process) that simply displaying a fabric or textile design in a storefront does not constitute publication. (*See* Opp'n 15, ECF No. 119.) The Compendium does provide that "displaying a fabric design, wallpaper design, or textile design in a store front" does not in itself constitute publication. Compendium § 1908. However, display in a storefront is not

---

[1] Courts routinely cite the Compendium as a prominent authority on copyright law, giving it weight beyond that of a typical secondary source. *See, e.g., Star Athletica, L.L.C. v. Varsity Brands, Inc.*, __ S. Ct. __, 14 n.2 (2017) (decided March 22, 2017); *Alaska Stock, LLC v. Houghton Mifflin Harcourt Publ'g Co.*, 747 F.3d 673, 679–80 (9th Cir. 2014); *Inhale, Inc. v. Starbuzz Tobacco, Inc.*, 755 F.3d 1038, 1041–42 (9th Cir. 2014); *Batjac Productions, Inc. v. GoodTimes Home Video Corp.*, 160 F.3d 1223, 1230 (9th Cir. 1998).

what occurred here. The sanctions entered against Urban establish a presumption (which Urban has not rebutted) that Urban placed copies of the subject designs in its Look Books, which are available to customers in Urban's store for purposes of selling fabric bearing those designs. (*See* SUF ¶ 12.) Providing a compilation of designs available for sale in a format designed to facilitate purchases of the designs is not synonymous with "display[] . . . in a store front," as Urban would like this Court to believe. (*See* Opp'n 15); Compendium § 1908. To the contrary, the Court concludes that Urban's placement of the subject designs in its Look Books constituted publication consistent with the Compendium's publication definition of "offer[ing] [designs] to sales representatives for the purpose of selling those works to wholesalers and retailers." *See* Compendium § 1906.1. As such, the Court finds that Urban published the works prior to registering them as part of unpublished collections, therefore making the registrations invalid. Because Urban cannot, as a matter of law, prove the first element required for a claim of copyright infringement, Defendants are entitled to summary judgment on Urban's copyright infringement claim regarding the subject designs.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' motion for partial summary judgment on Urban's copyright infringement claim as to Urban's designs UB-4694; UB-4701; UB-4690; UB-4276; UB-4345; UB-4492; UB-4350; UB-4638; UB-4609; UB-4670; and UB-4672. (ECF No. 113.)

**IT IS SO ORDERED.**

March 31, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**